47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin L. MATHIS, Petitioner-Appellant,
v.
Michael DUTTON, Respondent-Appellee.
 No. 94-5511.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1995.
 
 1
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Benjamin L. Mathis, a pro se Tennessee prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1988, a jury convicted Mathis of first degree murder and use of a firearm during the commission of a felony. Mathis was sentenced to life plus five years of imprisonment. After exhausting his available state court remedies, Mathis filed his petition for habeas relief challenging the sufficiency of the evidence and the effectiveness of his counsel.
 
 
 4
 The case was referred to a magistrate judge who recommended that the petition be denied. Upon de novo review, the district court adopted the report and dismissed Mathis's petition as without merit.
 
 
 5
 In his timely appeal, Mathis's brief is construed as raising only the sufficiency of the evidence claim.
 
 
 6
 Upon review, we affirm the district court's order as Mathis has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993).
 
 
 7
 Initially, we note that Mathis has abandoned his ineffective counsel claim. Therefore, this issue is not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir. 1986).
 
 
 8
 Mathis contends that there was insufficient evidence to support his conviction. Although he admits shooting the victim, Mathis states that the shooting occurred during the heat of passion. Sufficient evidence exists for a rational finder of fact to find that the evidence establishes each essential element of the crime. Jackson v. Virginia, 443 U.S. 307, 324 (1979). The federal courts must view the evidence and all inferences to be drawn therefrom in the light most favorable to the prosecution. Stacy v. Love, 679 F.2d 1209, 1213 (6th Cir.), cert. denied, 459 U.S. 1009 (1982). Given Mathis's confession and the facts presented at trial, we conclude that a rational trier of fact could find Mathis guilty of first degree murder.
 
 
 9
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation